WILLIAM H. McCLAVE and others

v.

THE MAYOR AND COMMON COUNCIL OF THE CITY OF
NEWARK.

1. Municipal assessments that are unconstitutional, and conse-
quently void, and the sales of lands thereunder, may be set aside
in equity.

2. In a bill to quiet title, objections that the complainant has not
alleged peaceable possession of the premises in dispute, and that no
action to test the defendant's title thereto was pending, come too late
at the hearing.

Bill to quiet title. On final hearing on pleadings and
proofs.

*Mr. C. F. Hill,* for complainants.

*Mr. Henry Young,* for defendants.

THE CHANCELLOR.

This suit is brought under the act "to compel the deter-
mination of claims to real estate in certain cases, and to
quiet the title to the same" (*Rev. p. 1189*). The complain-
ant seeks to set aside certain assessments made under the
charter of the city of Newark for municipal improvements,
one for grading, curbing and flagging a street, two for open-
ing streets, and the other for widening and opening a street.
The property has been sold to the city under the assessments.
The first-mentioned assessment (for grading, curbing and
flagging) was made under the 109th section of the charter
(*P. L. 1857 p. 167*), and is identical with the provision for
assessment condemned in *Bogert* v. *City of Elizabeth, 12 C.
E. Gr. 568.* The others are under the 105th section of
the charter (*P. L. 1857 p. 166*), which provides that the
common council shall ascertain the costs, damages and

expenses of laying out and opening, altering, widening, or straightening any street, highway or alley within the city, and shall cause to be made a just and equitable assessment thereof upon the owners of all the lands and real estate intended to be benefited thereby, in proportion, as nearly as may be, to the advantage each shall be deemed to acquire. This provision is, under the authority of the decision in *Village of Passaic* v. *State, 8 Vr. 538*, not unconstitutional.

The assessment for grading, curbing and flagging, and the sale thereunder, must, as to so much of the property mentioned in the bill and affected thereby as, at the time of filing the bill, was owned by the complainants, be set aside as absolutely void. *Bogert* v. *City of Elizabeth, ubi supra.* But no relief will be granted as to the property described in the bill which they did not claim to own when this suit was begun. No relief will be granted as to the other assessments, or the sales thereunder, for the reasons given in *Smith* v. *Newark*, decided at this term.

It is urged, on behalf of the defendants, that the bill does not state that the complainants were, at the time of filing the bill, in peaceable possession of the property in respect to which relief was prayed, nor that no suit to enforce or test the title claimed by the defendants was pending. But, as was said in *Smith* v. *Newark*, the defendants have answered and do not allege that those conditions to the maintenance of the suit do not exist, and it does not appear that they do not.